**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0    Valuation of Security    0    Assumption of Executory Contract or Unexpired Lease    0    Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  Nancy Nalbone                                                           Case No.:    18-20286

                                                                                                Judge:       Kaplan

           Debtor(s)

## Chapter 13 Plan and Motions

☐ Original                    x☐ Modified/Notice Required              Date: _____

☐ Motions Included      ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*.  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien.  The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate.  An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES    x☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES    x☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES    x☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney:  JZ            Initial Debtor:  NN            Initial Co-Debtor: _____

**Part 1:  Payment and Length of Plan**

    a. The debtor shall pay to the Chapter 13 Trustee:
- $400 per month for 14 months (from June 2018 to July 2019), then
- $200 per month for 22 months (from August 2019 to May 2021)

for approximately 36 months.

    b. The debtor shall make plan payments to the Trustee from the following sources:

        x ☐  Future earnings

        ☐  Other sources of funding (describe source, amount and date when funds are available):

    c. Use of real property to satisfy plan obligations:

      ☐  Sale of real property

      Description:

      Proposed date for completion: _____

      ☐  Refinance of real property:

      Description:
      Proposed date for completion: _____

      ☐  Loan modification with respect to mortgage encumbering property:

      Description:
      Proposed date for completion: _____

    d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e. x ☐ Other information that may be important relating to the payment and length of plan:

Pursuant to 42 U.S.C. 407(a), the debtor's husband and minor son are not offering their entire social security income into the Chapter 13 Plan, since those monies are not "...subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

| Part 2: | Adequate Protection x☐ NONE |
|---|---|
| | a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor). |
| | b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor). |
| **Part 3:** | **Priority Claims (Including Administrative Expenses)** |
| a. | All allowed priority claims will be paid in full unless the creditor agrees otherwise: |

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: per Ct Order |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

x☐ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Midland Mortgage/ Midfirst Bank | house | $15,490 when case filed; $0 now due to mortgage loan modification | | $0 due to mortgage loan modification | to be maintained |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| CPS | car | Per POC | | Per POC | To be maintained |

c. **Secured claims excluded from 11 U.S.C. 506:  x**☐ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments  x☐ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender  x☐ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan x☐ NONE**

The following secured claims are unaffected by the Plan:

| g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE |||
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

### Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

x☐ Not less than  100_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6: Executory Contracts and Unexpired Leases  x☐ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

| **Part 7:** | **Motions  x☐ NONE** |
|---|---|

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   x ☐ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  x ☐ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.  x ☐ NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

x☐  Upon confirmation

☐  Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2)  Law Office of Peter Zimnis
3)  Secured Creditors
4)  Priority Creditors
5)  General Unsecured Creditors

**d. Post-Petition Claims**

The Standing Trustee ☐ is,   x☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| **Part 9:** | **Modification** ☐ **NONE** | |
|---|---|---|
| If this Plan modifies a Plan previously filed in this case, complete the information below. Date of Plan being modified: 5/21/18 . | | |
| Explain below **why** the plan is being modified: Debtor obtained a mortgage loan modification. | | Explain below **how** the plan is being modified: The debtor's monthly Trustee payment is decreased due to the loan modification. The mortgage arrears are also removed from Part 4a. |
| Are Schedules I and J being filed simultaneously with this Modified Plan? | x☐ Yes | ☐ No |

| **Part 10:** | **Non-Standard Provision(s): Signatures Required** |
|---|---|
| Non-Standard Provisions Requiring Separate Signatures: x☐ NONE ☐ Explain here: Any non-standard provisions placed elsewhere in this plan are ineffective. | _____ _____ _____ |

## SIGNATURES

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, Chapter 13 Plan and Motions, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: _____  /s/ John Zimnis_____
 Attorney for Debtor(s)

Date: _____  /s/ Nancy Nalbone_____
 Debtor

Date: _____  _____
 Joint Debtor

_____

United States Bankruptcy Court
District of New Jersey

In re:                                                                                          Case No. 18-20286-MBK
Nancy M Nalbone                                                                                 Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 2              Date Rcvd: Jul 29, 2019
                              Form ID: pdf901          Total Noticed: 27

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 31, 2019.
```
db         +Nancy M Nalbone,    33 Miry Brook Road,    Hamilton, NJ 08690-1640
517544187  +Capital Health Systems,    750 Brunswick Avenue,    Attn:  Patient Accounts,
             Trenton, NJ 08638-4143
517544190  +Comenity Capital (Modells Sporting),    PO Box 182120,    Columbus, OH 43218-2120
517544193  +DSRM National Bank/Valero,    PO Box 300,   Amarillo, TX 79105-0300
517544194  +Kivitz McKeever Lee,    701 Market Street,    Suite 5000,    Re:  Midland Mortgage,
             Philadelphia, PA 19106-1541
517664784  +MidFirst Bank,    999 NW Grand Blvd,    Oklahoma City, OK 73118-6051
517544196  +Midland Mortgage,    PO Box 268959,    Oklahoma City, OK 73126-8959
517544197  +North Shore Agency,    Re:  Publishers Clearing House,    9525 Sweet Valley Drive,    Building A,
             Valley View, OH 44125-4237
517544201  +Vistana Fountains Condo Association,    PO Box 105119,    Atlanta, GA 30348-5119
517544202  +Vistana Mngmt,    9002 San Marco Court,    Orlando, FL 32819-8600
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg         E-mail/Text: usanj.njbankr@usdoj.gov Jul 30 2019 00:11:36     U.S. Attorney,    970 Broad St.,
             Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg        +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jul 30 2019 00:11:35     United States Trustee,
             Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,    Suite 2100,
             Newark, NJ 07102-5235
517544191  +E-mail/Text: bankruptcy@consumerportfolio.com Jul 30 2019 00:11:46     CPS,    PO Box 57071,
             Irvine, CA 92619-7071
517544188  +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jul 30 2019 00:23:54     Capital One,
             PO Box 30285,    Salt Lake City, UT 84130-0285
517544189  +E-mail/Text: bankruptcy@cavps.com Jul 30 2019 00:11:55     Cavalry Portfolio Services,
             Re:  GEMB,    500 Summit Lake Drive,    Ste 400,   Valhalla, NY 10595-2321
517547110  +E-mail/Text: bankruptcy@cavps.com Jul 30 2019 00:11:55     Cavalry SPV I, LLC,
             500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
517544192  +E-mail/PDF: creditonebknotifications@resurgent.com Jul 30 2019 00:23:58     Credit One Bank,
             PO Box 98873,    Las Vegas, NV 89193-8873
517656903   E-mail/PDF: resurgentbknotifications@resurgent.com Jul 30 2019 00:23:17
             LVNV Funding LLC C/O Resurgent Capital Services,    P.O. Box 10675,   Greenville, SC 29603-0675
517544195  +E-mail/Text: bankruptcydpt@mcmcg.com Jul 30 2019 00:11:34     Midland Credit Mngmt,
             Re:  Comenity,    2365 Northside Drive,    Suite 300,   San Diego, CA 92108-2709
517648667  +E-mail/Text: bankruptcydpt@mcmcg.com Jul 30 2019 00:11:34     Midland Funding LLC,
             PO Box 2011,    Warren MI 48090-2011
517544198   E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 30 2019 00:23:58
             Portfolio Recovery Associates,    Re:  Capital One; Comenity,    120 Corporate Blvd,    Ste 1,
             Norfolk, VA 23502
517669321   E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 30 2019 00:23:56
             Portfolio Recovery Associates, LLC,    c/o Kingsize,    POB 41067,   Norfolk VA 23541
517544199  +E-mail/Text: bankruptcy@pseg.com Jul 30 2019 00:10:34     PSE&G,    Credit & Collection Center,
             PO Box 490,   Re:  72 887 237 04,    Cranford, NJ 07016-0490
517804371  +E-mail/Text: bankruptcy@pseg.com Jul 30 2019 00:10:34     PSE&G,    Attn: Bankruptcy Dept.,
             PO Box 490,   Cranford NJ 07016-0490
517544200  +E-mail/PDF: gecsedi@recoverycorp.com Jul 30 2019 00:23:01     SYNCB,    PO Box 960090,
             Orlando, FL 32896-0090
517545523  +E-mail/PDF: gecsedi@recoverycorp.com Jul 30 2019 00:22:20     Synchrony Bank,
             c/o of PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
517655883  +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jul 30 2019 00:24:16     Verizon,
             by American InfoSource LP as agent,    4515 N Santa Fe Ave,   Oklahoma City, OK 73118-7901
                                                                                              TOTAL: 17
```
           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 31, 2019                              Signature:    /s/Joseph Speetjens

```
District/off: 0312-3           User: admin              Page 2 of 2              Date Rcvd: Jul 29, 2019
                               Form ID: pdf901          Total Noticed: 27
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 26, 2019 at the address(es) listed below:
```
              Albert   Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
              Albert   Russo    docs@russotrustee.com
              Denise E. Carlon    on behalf of Creditor    MIDFIRST BANK dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              John   Zimnis    on behalf of Debtor Nancy M Nalbone njbankruptcylaw@aol.com.
              Keri P. Ebeck    on behalf of Creditor    Consumer Portfolio Services, Inc. kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Rebecca Ann Solarz    on behalf of Creditor    MIDFIRST BANK rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 7
```